**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LESLIE J. FEJFAR,
    Appellant,

   v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
SF-0752-14-0034-I-2

DATE: July 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u> and <u>Jacob Mojarro</u>, Esquire, Upland, California, for
 the appellant.

<u>Bobbi Mihal</u>, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which
dismissed his involuntary disability retirement appeal for lack of Board
jurisdiction. Generally, we grant petitions such as this one only when: the initial
decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant, a preference eligible, was a Maintenance Mechanic, PS-09, at the agency's Anaheim, California, Processing and Distribution Facility. Initial Appeal File (IAF), Tab 5, Subtab 1 at 335. He was injured on the job on May 16, 2001, and began to receive payments from the Office of Workers' Compensation Programs (OWCP). *Id.* at 255-60. As of May 8, 2005, he worked in a modified clerical position. IAF, Tab 5, Subtab 2 at 63. At his physician's recommendation, however, he stopped working effective May 18, 2008. *Id.* at 60-62. Notably, his OWCP schedule award payments ceased on May 9, 2008. IAF, Tab 5, Subtab 1 at 255. He did not return to work and, on November 27, 2012, he applied for an immediate retirement to become effective January 31, 2013. *Id.* at 385-89. He also signed an Acknowledgment of Irrevocability of Voluntary Early Retirement (VER) Decision. *Id.* at 390. That document stated that the appellant had applied for a VER; his effective date of retirement would be January 31, 2013; and he understood that the decision to retire would become irrevocable after 8:30 p.m., eastern standard time, on Monday, December 3, 2012. *Id.*

¶3     On March 7, 2013, however, the appellant filed a formal equal employment opportunity (EEO) complaint with the agency, alleging an involuntary retirement. *Id.* at 8, 36. On October 23, 2013, he appealed the agency's Final Agency Decision that found he was not forced to retire as a result of the agency's discriminatory acts. IAF, Tab 1; *see* IAF, Tab 5, Subtab 1 at 8-28. He alleged that the agency declined to restore him to duty, constructively suspended him, created a hostile work environment, failed to place him in another position (most recently, a rehabilitation position in the agency's Los Angeles Call Center (LACC)), discriminated against him by failing to reasonably accommodate him, and proposed his removal with the knowledge it would not be upheld. IAF, Tabs 1, 4, Tab 5, Subtab 1 at 8-28; Refiled Appeal File (RAF), Tab 4.

¶4     The administrative judge dismissed the current appeal without prejudice while the appellant's two other appeals already pending before the Board were decided. IAF, Tab 24. The appellant later refiled the current appeal. RAF, Tab 1. As for the pending appeals, the appellant alleged that the agency had denied him restoration beginning May 16, 2008, and that the agency had constructively suspended him, effective May 9, 2009.[2] The appellant did not prevail on either appeal before the administrative judge, and the Board did not disturb the findings in either initial decision.[3] *Fejfar v. U.S. Postal Service*,

---

[2] The appellant sought to return to work during May 2009 and was placed on leave without pay. RAF, Tab 3 at 21.

[3] In the restoration appeal, the administrative judge found that the Board lacked jurisdiction over the appellant's claim that he was entitled to restoration as a partially recovered employee effective May 16, 2008, because the appellant could not show that he was absent due to a compensable injury. *Fejfar v. U.S. Postal Service*, MSPB Docket No. SF-0353-12-0586-I-1, Initial Decision (Dec. 21, 2012), *aff'd*, 120 M.S.P.R. 75 (2013) (Table). The Board likewise found that the appellant failed to establish jurisdiction over his claim that he had been constructively suspended. *Fejfar v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0149-I-1, Initial Decision (Sept. 10, 2013), *aff'd*, 121 M.S.P.R. 438 (2014) (Table). The administrative judge found it "undisputed that the appellant never met with the District Reasonable Accommodation Committee …, although he was informed he could do so in the agency's complete day letter from December 2009." *Id.* at 7. Moreover, the administrative judge concluded

MSPB Docket No. SF-0353-12-0586-I-1, Initial Decision (Dec. 21, 2012), *aff'd*, 120 M.S.P.R. 75 (2013) (Table); *Fejfar v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0149-I-1, Initial Decision (Sept. 10, 2013), *aff'd*, 121 M.S.P.R. 438 (2014) (Table).[4]  After the instant appeal was refiled, the administrative judge dismissed it for lack of Board jurisdiction without holding a hearing.  RAF, Tab 13, Initial Decision (ID) at 2, 11.

¶5  The appellant filed a petition for review.  Petition for Review (PFR) File, Tab 3.  He argues that the administrative judge should have allowed him to pursue his complaint further through the Equal Employment Opportunity Commission process rather than dismiss his appeal for lack of Board jurisdiction.  *Id.* at 5, 7.  The appellant, however, had the choice of whether to pursue the case by filing a civil action in the appropriate U.S. District Court or by filing a Board appeal.  IAF, Tab 5, Subtab 1 at 26-27; *see Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 29 C.F.R. § 1614.302(b), (d).  He elected to pursue a Board appeal and then, as we discuss below, failed to establish the Board's jurisdiction over the appeal.[5]

¶6  An appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over his alleged constructive discharge.  *See* 5 C.F.R. § 1201.56(a)(2)(i).  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation.  *Maddox v. Merit*

that the appellant failed to establish that he could work any assignment that was available within his work restrictions, and, even if he had done so, the agency nevertheless met its burden of showing that there was no work within his medical restrictions.  *Id.* at 10-13.  Finally, the administrative judge found that, with or without accommodation, the appellant could not perform the essential functions of his position, a bid position, or tasks that comprised a complete and separate position, and the agency was not bound by the Rehabilitation Act to accommodate his medical conditions.  *Id.* at 15.

[4] The Board's final orders are located at RAF, Tab 3 at 11-17, 42-49.

[5] The most appropriate avenue of review now is with the U.S. Court of Appeals for the Federal Circuit.  The dispositive issue, the Board's jurisdiction, is purely a matter of civil service law.  *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶¶ 8-12 (2013).

*Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see* 5 C.F.R. § 1201.3. Although resignation and retirement are presumed to be voluntary actions, *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000), an involuntary resignation or retirement is tantamount to removal and subject to the Board's jurisdiction, *see Murray v. U.S. Postal Service*, 68 M.S.P.R. 177, 179 (1995). To establish the Board's jurisdiction over a constructive removal appeal, the appellant must prove by preponderant evidence that a constructive removal occurred. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). He need only raise nonfrivolous allegations of the Board's jurisdiction supported by some evidence, however, to gain the right to a hearing on the issue of jurisdiction. *Id.*

¶7        To overcome the presumption of voluntariness, an appellant must show that: (1) the resignation or retirement was the product of misinformation or deception by the agency; or (2) the resignation or retirement was the product of coercion by the agency. *Terban*, 216 F.3d at 1024. He must show that the agency effectively imposed the terms of his resignation or retirement; that he had no realistic alternative but to resign or retire; and that his resignation or retirement resulted from the agency's improper acts to establish involuntariness based on coercion. *Id.* (citing *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)). The doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard. *Garcia*, 437 F.3d at 1329 (citing *Staats*, 99 F.3d at 1124).

¶8        The common element in all cases in which the Board and the courts find that an employee has resigned or retired involuntarily is that the factors that operated on his decision-making processes deprived him of freedom of choice. *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519 (1995). The determination of whether the employee was effectively deprived of free choice is based on the totality of the circumstances. *Id.* at 519-20. When an employee alleges intolerable working conditions, both the courts and the Board will find his

action involuntary only if he demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to resign or retire. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). This is an objective standard. *Id.* at 578.

¶9 The appellant argued that he applied for the VER program to escape a hostile work environment, *see* IAF, Tab 4 at 21, in which the agency discriminated against him and refused to accommodate his medical condition, *see id.* at 4-12. He informed management officials of his decision on November 23, 2012. *Id.* at 21. His representative explained his decision to management officials on November 23, 2012. *Id.* at 4, 21. The appellant said he would not have applied for the VER, except that his supervisors were harassing him, and he had been denied a reasonable accommodation since May 23, 2009. *Id.* The appellant also reasserted issues he had raised in prior appeals, including his claims that the agency denied him restoration as a partially recovered employee and that he had been constructively suspended. *Id.* at 4-12.

¶10 As for the issues included in his prior appeals, the administrative judge found that the appellant was collaterally estopped from claiming that: (1) the agency denied him restoration after his OWCP benefits ended in May 2008; (2) the agency constructively suspended him beginning May 2009 when he sought to return to work; or (3) the agency was bound by the Rehabilitation Act to accommodate him in any of the numerous positions he claimed he could perform since May 2009. ID at 5-6; *see* RAF, Tab 6 at 1-2. Under the doctrine of collateral estoppel, or issue preclusion, a party is barred from relitigating an issue resolved in a previous appeal if: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the

earlier action or as one whose interests were otherwise fully represented in that action. *See McNeil v. Department of Defense*, <u>100 M.S.P.R. 146</u>, ¶ 15 (2005). The administrative judge properly found these criteria were met. ID at 6. We have reviewed the final orders from each of these cases and agree that the appellant is reasserting issues already litigated and thus they are barred by collateral estoppel. *See* RAF, Tab 3 at 11-17, 42-49. The appellant's efforts to reassert these issues on review are unavailing. *See* PFR File, Tab 3 at 6-7.

¶11    The administrative judge next turned to the issue of whether the appellant involuntarily retired due to a hostile work environment, including the agency's proposal to remove him, and whether the agency improperly denied him a Customer Care Agent position at the LACC in late December 2012.[6] ID at 7-9. In constructive removal appeals, the Board generally focuses its analysis upon the circumstances that most immediately precede resignation or retirement because that period is most relevant to the alleged involuntariness of the action. *See Miller v. Department of Defense*, <u>85 M.S.P.R. 310</u>, ¶¶ 30-31 (2000); *see also Terban*, 216 F.3d at 1024 ("[T]he most probative evidence of involuntariness will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement. In contrast, a long period of time between the alleged coercive act and the employee's retirement diminishes the causal link between these two events and, thus, attenuates the employee's claim of involuntariness."). The Board, however, does not categorically exclude other time periods. *Miller*, <u>85 M.S.P.R. 310</u>, ¶ 11. Regarding the appellant's allegations of discrimination and reprisal for EEO activities, the Board considers such evidence only to the extent it might establish

---

[6] The administrative judge noted that she had previously found that the appellant was barred by res judicata from raising the latter claim because it could have been raised in his constructive suspension appeal. *See* RAF, Tab 6 at 2. In the initial decision, she reversed her earlier ruling as incorrect, still rejecting the appellant's argument. ID at 7 n.4, 9-10.

coercion, rather than to the extent such evidence might prove discrimination or reprisal under the applicable statutes.[7] *Markon*, 71 M.S.P.R. at 578.

¶12 Here, the appellant had not worked since May 2008, and he retired effective January 31, 2013. It is difficult to imagine how he would have been subjected to a hostile work environment leading to his retirement when he was absent from work for such an extended period of time. He has not specifically explained which acts occurred during that time period that could be construed as harassment or how those acts induced him to retire. If the alleged acts occurred earlier, he has not explained why he waited to retire until 4½ years after he ceased working. It appears that the appellant became eligible for early retirement during his absence and simply chose to pursue that option. As for the proposed removal, the record shows that the agency unilaterally rescinded a June 16, 2011 notice of proposed removal on May 5, 2012. IAF, Tab 5, Subtab 2 at 5. The appellant applied for retirement on November 27, 2012, over 6 months later. *Id.*, Subtab 1 at 385-89. He has not shown that the agency had reproposed his removal at the time he applied for retirement. As to the position at the LACC, the appellant by his own admission requested placement in the position *after* his decision to retire had become irrevocable. RAF, Tab 4 at 4; IAF, Tab 4 at 9-10, Tab 5, Subtab 1 at 390. Accordingly, his arguments are unavailing, and we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

[7] After the Board's jurisdiction is established, however, such issues are adjudicated in the context of a mixed case. *Markon*, 71 M.S.P.R. at 580.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.